NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DAVID JOSEPH PERKINS, JR., *Appellant*.

No. 1 CA-CR 14-0090
FILED 2-19-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-157743-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew Attorney At Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kenton D. Jones joined.

---

**B R O W N**, Judge:

¶1        David Joseph Perkins, Jr. appeals his conviction and sentence for one count of aggravated assault. Counsel for Perkins filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, he was unable to find any arguable grounds for reversal. Perkins was granted the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2        Our obligation is to review the entire record for reversible error. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Perkins. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Finding no reversible error, we affirm.

¶3        In December 2013, Perkins was indicted for one count of aggravated assault, a class 4 felony, in violation of Arizona Revised Statutes section 13-1204. The following evidence was presented at trial.

¶4        On August 25, 2012, the victim and his girlfriend were staying at a hotel in Room 306. As they were preparing to check out of the room, the victim used the side-exit door of the hotel to move personal items to his truck while his girlfriend was taking a shower. During that time, the victim's keycard was deactivated and he was unable to re-enter through the side door. The victim walked around and entered the hotel through the front lobby. While walking through the lobby, the victim was stopped by Perkins, a hotel employee, because Perkins did not recognize him as a registered guest. After the victim displayed his keycard, Perkins allowed him to proceed.

¶5        Earlier that morning, Perkins had assisted R.J., a guest registered to Room 212, in checking out. However, Perkins mistakenly believed that R.J. was the guest registered to Room 306, and deactivated the keycard to Room 306. After seeing the victim in the front lobby, a

housekeeper informed Perkins that the victim still occupied Room 306. Perkins promptly went up to investigate, believing the guest in Room 306 had already checked out. Perkins pounded on the door and identified himself as the "front desk." When the victim opened the door, Perkins stuck his foot into the room and began arguing with the victim regarding his identity. Perkins insisted that the guest in Room 306 had checked out earlier that morning. The victim told Perkins that he could prove his identity but would have to get his license from his truck.

¶6            After heading out the door, the victim realized he did not have his truck keys and went back into the room. As he entered, Perkins pushed the victim to the ground. When the victim tried to get up, Perkins punched him in the face, causing his nose to bleed excessively. As the victim hovered over the bed, Perkins approached him from behind and grabbed his neck. Perkins then released the victim and immediately exited the room. Both the victim and his girlfriend called 9-1-1 and police and fire departments responded. The victim went to the hospital with a broken nose and underwent surgery several days later.

¶7            Perkins testified that after he entered Room 306, the victim began screaming and charged at him. To defend himself, Perkins threw up his hands and grabbed the victim by the shirt collar to push him away. Perkins then exited the room.

¶8            A jury found Perkins guilty as charged. At sentencing, the trial court placed Perkins on supervised probation for two years, with a deferred jail sentence of seven days.[1]

¶9            We have searched the entire record for reversible error and have found none. All of the proceedings were conducted in accordance with Arizona Rules of Criminal Procedure. The record shows Perkins was present at all pertinent proceedings and was represented by counsel. The trial court appropriately instructed the jury regarding applicable law and the jury's verdict is supported by substantial evidence. Perkins had an

---

[1]       At sentencing, the prosecutor noted that Perkins had not shown any remorse for his actions. However, a "convicted defendant's decision not to publicly admit guilt is irrelevant to a sentencing determination[.]" *State v. Trujuillo*, 227 Ariz. 314, 317, ¶ 12 (2011) (citing *State v. Hardwick*, 183 Ariz. 649, 656, (App. 1991)). Unlike the circumstances in *Trujillo* and *Hardwick*, nothing in this record indicates that the court relied on the prosecutor's comment about Perkins' lack of remorse. Therefore, no reversible error occurred.

opportunity to speak before sentencing, and the sentence imposed was within the statutory limits. Accordingly, we affirm Perkins's conviction and sentence.

**¶10** Upon the filing of this decision, counsel shall inform Perkins of the status of the appeal and his options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Perkins shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama