NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

DAVID JOSEPH MISKO, *Appellant*.

No. 1 CA-CR 14-0533
FILED 7-23-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-458064-001
The Honorable Robert L. Gottsfield, Judge (Retired)

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kent E. Cattani joined.

---

**N O R R I S**, Judge:

¶1        Appellant David Joseph Misko timely appeals from his convictions and sentences for one count of possession or use of dangerous drugs (methamphetamine), a class 4 felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-3407 (Supp. 2014),[1] and two counts of possession of drug paraphernalia, each a class 6 felony, in violation of A.R.S. § 13-3415 (2010).  After searching the record on appeal and finding no arguable question of law that was not frivolous, Misko's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.  This court granted counsel's motion to allow Misko to file a supplemental brief *in propria persona*, but he did not do so.  After reviewing the entire record, we find no fundamental error and, therefore, affirm Misko's convictions and sentences as corrected.

**FACTS AND PROCEDURAL BACKGROUND[2]**

¶2        On December 5, 2013, police officers searched Misko's hotel room.  The officers found a backpack containing 1.2 grams of methamphetamine, several syringes, a straw, pieces of cotton, and an electronic scale of the kind commonly used for weighing drugs.  The officers arrested Misko, who was in the room during their search.

---

[1]Although the Arizona Legislature amended certain statutes cited in this decision after Misko's offenses, the revisions are immaterial to the resolution of this appeal.  Thus, we cite to the current version of these statutes.

[2]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Misko.  *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

¶3        At trial, the officers testified that although Misko told them the backpack was not his and he did not know how "it got to the room," they verified the room was registered to Misko and it appeared to be occupied by only one person. The police also found prescription pill bottles with Misko's name on them in the room.

¶4        The jury found Misko guilty on all charges. At the subsequent aggravation hearing, the jury found Misko had a prior felony conviction within the past ten years, and was on probation at the time of his arrest. The court sentenced Misko as a category two repetitive offender to the presumptive term of 4.5 years' imprisonment for possession or use of dangerous drugs (methamphetamine) and to the presumptive term of 1.75 years' imprisonment on each count of possession of drug paraphernalia with all sentences to run concurrently. *See* A.R.S. § 13-703 (B), (I) (Supp. 2014). The court awarded Misko 44 days of presentence incarceration credit on all counts.

## DISCUSSION

¶5        We have reviewed the entire record for reversible error and find none.[3] *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Misko received a fair

---

[3]In closing argument the prosecutor stated:

> Now, let's look at some of the inconsistencies. I want to draw your attention to them as far as the Defendant. Now, the State understands the Defendant did not take the stand. It's the State's burden in order to prove this. However, during the testimony you heard of some of the inconsistencies during the actual interview of the Defendant, as well as the entire time he was in the room.

While the prosecutor may have only intended to point out the weaknesses in Misko's case, his statement pointed to Misko's decision not to testify and, thus, was improper. *See State v. Hughes*, 193 Ariz. 72, 87, ¶ 64, 969 P.2d 1184, 1199 (1998). Misko did not object to the statement and thus we review for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 568, ¶ 22, 115 P.3d 601, 608 (2005). Although improper, this single comment did not "permeate[] the entire atmosphere of the trial" with unfairness. *See State v. Gallardo*, 225 Ariz. 560, 568, ¶¶ 34–35, 242 P.3d 159, 167 (2010) (to reverse a conviction, "defendant must show that the offending statements were so

trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶6        The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charges, Misko's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Misko was given an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for his offenses.

¶7        In our review of the record, we discovered an error in the superior court's sentencing minute entry. The minute entry describes Misko's convictions as "repetitive" but lists A.R.S. § 13-702 — the sentencing statue for first time felony offenders — for each offense. *See* A.R.S. § 13-702 (Supp. 2014). As noted above, the jury found Misko had a prior felony conviction and the superior court sentenced him as a class two repetitive offender. Thus, we correct the sentencing minute entry to remove the citations to A.R.S. § 13-702.

**CONCLUSION**

¶8        We decline to order briefing and affirm Misko's convictions and sentences as corrected.

¶9        After the filing of this decision, defense counsel's obligations pertaining to Misko's representation in this appeal have ended. Defense counsel need do no more than inform Misko of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue

---

pronounced and persistent that they permeated the entire atmosphere of the trial and so infected the trial with unfairness as to make the resulting conviction a denial of due process." (citations omitted) (internal quotation marks omitted)). Indeed, in light of the overwhelming evidence of guilt, we cannot say the comment was harmful or that it contributed to the jury's verdict. *See State v. Trostle*, 191 Ariz. 4, 16, 951 P.2d 869, 881 (1997) (impermissible comment on defendant's failure to testify was error, but harmless in light of overwhelming evidence of guilt); *State v. Ramos*, 235 Ariz. 230, 236, ¶¶ 17–18, 330 P.3d 987, 993 (App. 2014) (defendant fails to meet burden of establishing prejudice from impermissible comment if overwhelming evidence of guilt exists in record).

appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984).

**¶10**        Misko has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  On the court's own motion, we also grant Misko 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : ama