NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID RAY LOW, *Appellant.*

No. 1 CA-CR 14-0798
FILED 9-29-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2012-155904-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge John C. Gemmill joined.

---

**B R O W N**, Judge:

¶1        David Ray Low appeals his conviction and sentence for possession or use of narcotic drugs. Counsel for Low filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, he was unable to find any arguable grounds for reversal. Low was granted the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2        Our obligation is to review the entire record for reversible error. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Low. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Finding no reversible error, we affirm.

¶3        In January 2013, the State charged Low with possession or use of narcotic drugs, a class 4 felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-3408. The following evidence was presented at trial.

¶4        On July 14, 2012, at approximately 8:15 p.m., Officer Petker and Officer Ramirez were on patrol in the area of 67th Avenue and Heatherbrae in Phoenix. The officers observed Low riding a bicycle with no rear reflector, a violation of A.R.S. § 28-817. The officers initiated a traffic stop and asked Low if he had "any guns, bombs, drugs, knives, weapons [or] anything . . . that's going to hurt . . . or injure [either officer]." Low stated he did not have anything, but Petker observed Low move "his left hand into his pocket." Petker removed Low's hand from the pocket and placed Low in handcuffs. Low told Petker he had a pocket-knife in the pocket and was trying to remove it.

¶5        At that point, Low complained he was having chest pains, so the officers contacted the Phoenix Fire Department to respond and check Low's medical condition. While Low was being examined by paramedics,

Petker noticed a small plastic baggie on the ground near where Low had been standing. Petker believed that the baggie contained heroin.

**¶6** Low needed further medical attention so the officers transported Low to a hospital. When they arrived, Low informed Officer Ramirez "he wanted to talk." After Ramirez advised Low of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), Low stated that "the heroin that [they] found on the ground . . . belonged to him." A forensic scientist with the Phoenix crime laboratory identified the substance as 960 mg of heroin.

**¶7** Low was tried in absentia and the jury found him guilty as charged. At sentencing, Low stipulated he had prior convictions and the trial court sentenced him to eight years' imprisonment, with 50 days of presentence incarceration credit. This timely appeal followed.

**¶8** We have searched the entire record for reversible error and have found none. All of the proceedings were conducted in accordance with Arizona Rules of Criminal Procedure. The record shows that Low voluntarily absented himself from trial but was represented by counsel. Low had an opportunity to speak before sentencing, and the sentence imposed was within the statutory limits. Accordingly, we affirm Low's conviction and sentence.

**¶9** Upon the filing of this decision, counsel shall inform Low of the status of the appeal and his options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Low shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama