NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANDRES ARVALLO, JR., *Appellant.*

No. 1 CA-CR 15-0049
FILED 8-23-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-445925-002
The Honorable Carolyn K. Passamonte, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

DeBrigida Law Offices, PLLC, Glendale
By Ronald M. DeBrigida, Jr.
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge John C. Gemmill (Retired) and Judge Margaret H. Downie joined.

---

**G O U L D**, Judge:

¶1        Andres Arvallo, Jr. ("Defendant") appeals from his convictions and sentences for one count of drive by shooting, one count of discharge of a firearm at a non-residential structure (vehicle), one count of disorderly conduct, and one count of unlawful discharge of a firearm. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant has filed a supplemental brief *in propria persona*, which we have considered.

¶2        Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2016).[1]  Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

¶3        While waiting at an intersection in their vehicle, two witnesses saw a man, later identified as Defendant, sitting on the passenger side windowsill of a pickup truck pointing a gun at another vehicle at the

---

[1]        Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]        We view the evidence in the light most favorable to sustaining the convictions and resulting sentences.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

intersection. Defendant fired one shot at the nearby vehicle, and then drove away from the intersection. A short time later, the witnesses saw the same white truck parked at a nearby restaurant. They led police to the location, and the officers contacted Defendant and the driver of the truck. Police found a handgun in the truck. Additionally, one of the witnesses positively identified Defendant as the person he saw shooting the gun from the truck.

¶4         The State charged Defendant with drive-by shooting, a class two dangerous felony; discharge of a firearm at a non-residential structure, a class three dangerous felony; disorderly conduct, a class six dangerous felony; and unlawful discharge of a firearm, a class six dangerous felony.

¶5         During the trial, a witnesse identified Defendant as the shooter. Defendant also testified and admitted that he fired his gun toward the other vehicle. The jury found Defendant guilty on all four counts.

¶6         In January 2015, the court sentenced Defendant to eight and one-half years' imprisonment on count one, six years on count two, and two years each on counts three and four. All of the prison sentences imposed were mitigated terms. In addition, all terms were ordered served concurrently, and Defendant was given 58 days of presentence incarceration credit.

## DISCUSSION

¶7         We have read and considered the briefs, carefully searched the entire record for error and found none. *See* Clark, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the findings of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

¶8         In his supplemental brief, Defendant asserts the trial court abused its discretion "for failing to impose a substantially mitigated sentence" because he was intoxicated at the time he committed his crimes. Courts have broad discretion in determining an offender's sentence within the statutory range. *State v. Monaco*, 207 Ariz. 75, 78, ¶ 8 (App. 2004). Here, the court stated that it considered all of the relevant mitigating and aggravating circumstances, and imposed mitigated sentences as to each count. *See* A.R.S. § 13-704(A). In addition, neither Defendant nor his counsel argued that intoxication was a mitigating factor at sentencing. We find no error.

## CONCLUSION

**¶9** For the foregoing reasons, we affirm Defendant's convictions and sentences. Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Amy M. Wood • Clerk of the court
FILED: AA