NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

v.

EWING REDMOND SAMUELS, *Appellant*.

No. 1 CA-CR 17-0225

FILED 8-16-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-113647-001
The Honorable George H. Foster, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Stephen M. Johnson PC, Phoenix
By Stephen M. Johnson
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which
Presiding Judge Michael J. Brown and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1　　　　Ewing Redmond Samuels timely appeals from his convictions
and sentences for two counts of aggravated assault and one count of
unlawful imprisonment. After searching the record on appeal and finding
no arguable question of law that was not frivolous, Samuels' counsel filed
a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State
v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for
fundamental error. Samuels had the opportunity to file a supplemental
brief but did not do so. After reviewing the entire record, we find no
fundamental error and thus affirm Samuels' convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2　　　　Samuels and his girlfriend, A.H., had an argument at her
house in March 2016. Samuels lived at the house, but left after the argument
and returned the next morning to retrieve his personal belongings. A.H.
was at work when Samuels arrived, but her son ("victim") was inside the
house. A.H. asked the victim, who lived nearby, to watch the house and
"keep [Samuels] from wrecking stuff." Samuels believed the victim was
there to harass him. He thus grabbed his gun from the office and placed it
in his waistband.

¶3　　　　An argument ensued between the victim and Samuels. The
victim wanted Samuels to return A.H.'s car keys and Samuels wanted A.H.
to return his computer. Samuels and the victim exchanged harsh words.
The victim taunted Samuels, calling him names. The victim tapped
Samuels on the forehead. Samuels pulled out his gun. Samuels yelled
about "disrespect" and fired twice at the victim. The first shot hit the
victim's leg, shattering his femur and causing him to fall. The second shot
sailed over the victim's head.

¶4　　　　Samuels demanded the victim's cellphone, shouting, "You've
got three seconds, and I'm going to pop you." Samuels grabbed the

cellphone. The victim pleaded with Samuels to call an ambulance. Samuels did not, but instead returned to packing his belongings.

¶5 The victim eventually crawled to the garage in an attempt to escape, but Samuels noticed and ordered him back inside. The victim crawled back and waited in the bathroom. He later escaped, however, when he heard Samuels on the opposite side of the house. He hopped on one leg to a neighbor's house across the street, and the neighbors called police.

¶6 Samuels had a preexisting head injury that the victim knew about. When Samuels was about sixteen years old, a man punched him in the head with a bike chain. He fainted and woke up in the hospital seven days later. The doctors had implanted a titanium alloy mesh into his skull. As a result, he has trouble remembering everyday events and remains vulnerable to further injury. He was told that a second injury to the head would cause brain damage or even death.

¶7 Samuels was indicted on five felony charges, including three counts of aggravated assault, one count of kidnapping and one count of disorderly conduct. The State alleged use of a deadly weapon as an aggravating circumstance.

¶8 The court held an eight-day jury trial. The jury convicted Samuels of three counts: two counts of aggravated assault, both offenses found to be dangerous, and one count of unlawful imprisonment, the lesser-included offense to kidnapping. Samuels argued self-defense. The court sentenced Samuels to two concurrent terms of 7.5 years on the aggravated assault convictions, the presumptive sentence for a first-time offender, and a concurrent one-year sentence on the unlawful imprisonment conviction. He was also given 96 days of presentence incarceration credit.

¶9 Samuels timely appealed. We have jurisdiction pursuant to Ariz. Const. art. 6, § 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶10 We have read and considered counsel's brief and have reviewed the record for fundamental error. *See Leon*, 104 Ariz. at 300. We find none.

3

**¶11**          The record reflects Samuels received a fair trial.  He was represented by counsel at all stages of the proceedings against him. Samuels was also present during the proceedings and waived his presence for a restitution hearing.

**¶12**          The record reflects the superior court afforded Samuels all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts.

**¶13**          Samuels sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶14**          Samuels' convictions and sentences are affirmed.  Counsel's obligations in this appeal will end once Samuels is informed of the outcome and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the court's own motion, Samuels has 30 days from the date of this decision to proceed with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA