684 P.2d 154

**STATE of Arizona, Appellee,**

v.

**William George SHATTUCK, Appellant.**

**No. 6171–PR.**

Supreme Court of Arizona,
En Banc.

June 20, 1984.

---

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

FELDMAN, Justice.

William George Shattuck (defendant) pled guilty to one count of sexual conduct with a minor under 15 (*see* A.R.S. § 13–1410) (a class 2 felony) and one count of sexual conduct with a minor under 18 (*see* A.R.S. § 13–1405) (a class 6 felony). There were different victims on each charge. The offenses were committed on different dates. As part of the plea agreement allegations of prior convictions were dropped from the indictment (*see* A.R.S. § 13–604). Defendant received aggravated sentences pursuant to A.R.S. § 13–709(D) (10 years for the class 2 felony and 1.875 years for the class 6 felony, to be served concurrent-

ly).[1] Defendant's counsel filed an appeal under the dictates of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969).[2] Defendant filed a *pro per* brief. The court of appeals, by memorandum decision, addressed the merits of the issue raised, reviewed the record for error and affirmed the judgments of conviction and the sentences imposed. Defendant then demanded that his counsel petition this court for review of the court of appeals' decision. Counsel submitted the issue of the length of sentencing and commendably raised an additional issue for review:

> What are the duties of counsel, under Rule 31.19, Rules of Criminal Procedure, when a conviction is affirmed by the Court of Appeals and counsel does not believe a petition for review is required under said rules but the client insists upon the filing of such a petition?

We have jurisdiction pursuant to Ariz. Const., art. 6, § 5(3); A.R.S. 12–120.24; Ariz.R.Crim.P. 31.19, 17 A.R.S. We affirm the judgments and sentences. We granted review to examine the duty of defense counsel in circumstances where counsel has complied with *Anders,* the court of appeals

has decided the merits of the issues raised and, has found no error on searching the record, but defendant demands, nevertheless, that his counsel petition this court for review despite counsel's opinion that there is no issue appropriate for such review.

## I

■■■ The Arizona Constitution, art. 2, § 24, guarantees a defendant "the right to appeal in all cases." *See also* A.R.S. § 13–4031. However, there is no right of appeal to the state's highest court except in cases in which a life sentence or the death penalty is imposed. A.R.S. § 12–120.-21(A)(1); A.R.S. § 13–4031; *see also State v. Richmond,* 114 Ariz. 186, 196, 560 P.2d 41, 51 (1976); *State v. Cuzick,* 5 Ariz.App. 498, 500, 428 P.2d 443, 445 (1967); Ariz.R. Crim.P., Rules 26.15, 31.2, 17 A.R.S. In all other cases, review is discretionary with this court. When defendant's counsel has complied with *Anders* and *Leon* by submitting an "Anders brief" to the court of appeals, raising any issued deemed "arguable" and requesting a review of the record for error counsel has fulfilled his duty to further defendant's cause on direct appeal. His obligations have come to an end[3] and

---

1. The sentencing judge found a prior conviction (for voluntary manslaughter) an aggravating circumstance for sentencing purposes apparently under the authority of the language in what is currently A.R.S. § 13–702(D)(11) [formerly A.R.S. 13–702(D)(9)]—"Any other factors which the court may deem appropriate to the ends of justice." Arizona courts have consistently interpreted this statute to allow the sentencing judge to impose an aggravated sentence based on prior conduct even if a conviction for that conduct has not been alleged. *State v. LeMaster,* 137 Ariz. 159, 166, 669 P.2d 592, 599 (App.1983); *State v. Cawley,* 133 Ariz. 27, 29, 648 P.2d 142, 144 (App.1982) (prior incidents not resulting in convictions can be used in increasing the sentence); *State v. Meador,* 132 Ariz. 343, 645 P.2d 1257 (App.1982) (extensively discussing A.R.S. § 13–702(D)); *State v. Jackson,* 130 Ariz. 195, 196, 635 P.2d 180, 181 (App.1981) (dismissal of the allegation of a prior conviction limits use of that conviction in sentencing to application of former A.R.S. § 13–702(D)(9)); *see also State v. Miller,* 120 Ariz. 224, 228, 585 P.2d 244, 248 (1978).

2. Defendant's counsel, however, stated in his brief that he "believe[d] that this case is differ-

ent from the 'usual' *Anders* appeal in that there does appear to be a difficulty involving the imposition of aggravated terms in this case." Counsel then presented the court with a competent brief which, in essence, argued for a change in the law (*See* Ariz.R.Crim.P., Rule 31.19, 17 A.R.S.). He argued that because "part of the quid pro quo of this plea agreement was the dismissal of his prior conviction, the trial court erred in utilizing the prior conviction in aggravating his sentence."

3. *Anders v. California* considered only the issue of "the extent of the duty of a court-appointed appellate counsel to prosecute *a first appeal* from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal" (emphasis supplied). 386 U.S. at 739, 87 S.Ct. at 1397. While *Anders* has been extensively criticized by several courts, the problems which appellate courts have with the logic of *Anders* and determining the proper role of counsel on a first appeal are not before us in this case. *See generally People v. Wende,* 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 (1980); *Gale v. United States,* 429 A.2d 177 (D.C.App.1981) (Ferren, J., dissenting);

he need do no more than inform defendant of the status and defendant's future options, unless his review or that of the court of appeals reveals an issue appropriate for submission to this court. The comment to Ariz.R. of Crim.P., Rule 31.19, reads as follows:

The 1983 amendments to Rule 31.19 contemplate that review will not be sought as a matter of course. Review procedure is intended for those cases in which there is a tenable claim involving substantial issues of law or procedure, or in which serious injustice is claimed to have occurred.

Rule 31.19(c)(4) contains a non-exhaustive list of grounds which might persuade this court to exercise its discretionary powers of review in a criminal case.[4] If defendant's counsel has conscientiously searched the record for error (as he must in preparing to file an *Anders* brief with the intermediate appellate court) and has found no meritorious grounds for appeal in the first instance, then counsel should not bring the case to this court by petitioning for review.[5] In cases other than those carrying a life sentence or the death penalty, a decision by the court of appeals and its search for error exhausts a defendant's *right* of appeal in this jurisdiction. When the court of appeals' decision has been rendered, the attorney should advise the defendant about his legal rights but the attorney has no obligation to seek further relief through the appellate process. The defendant's demand that a petition for review be filed in such cases may be rejected. Counsel's professional judgment and obligations control.

*See Jones v. Barnes,* —— U.S. ——, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Once the defendant has been given the appeal to which he has a right, state remedies have been exhausted. The defendant, of course, may petition for review *pro per.* We will consider the grounds set forth in such petitions, but will not search the record for error. We do not read *Anders* to require that procedure at every level of the appellate process.

Since we are not required to accept petitions for review in *Anders* type cases, we do not invite them. The system is strained to the point that we cannot afford the luxury of repeated review of trivia or issues of small merit. The time available to prosecutors, defenders, judicial staff and judges must be devoted to issues of substance.

## II

The procedure outlined here guarantees each defendant a right of appellate review of his case. It also comports with the meaning of the statutes and rules of criminal procedure regarding the appeals process in this state. It recognizes that, in a three-tiered court system, "[t]he jurisdiction of the highest court should generally be discretionary with the court." ABA *Standards for Criminal Justice* § 21–1.-2(b) (2d ed. 1980). *See also Ross v. Moffitt,* 417 U.S. 600, 612–13, 94 S.Ct. 2437, 2445, 41 L.Ed.2d 341 (1974); ABA *Standards Relating to Appellate Courts* § 3.10(c) and commentary thereto (approved draft, 1977).

*State v. McKenney,* 98 Idaho 551, 568 P.2d 1213 (1977); *Commonwealth v. Moffett,* 383 Mass. 201, 418 N.E.2d 585 (1981); *State v. Gates,* 466 S.W.2d 681 (Mo.1971); *State v. Horine,* 64 Or. App. 532, 669 P.2d 797 (1983).

**4.** These are (1) "the fact that no Arizona decision controls the point of law in question," (2) "a decision of the Supreme Court should be overruled or qualified," (3) "conflicting decisions have been rendered by the Court of Appeals," (4) "important issues of law have been incorrectly decided." Ariz.R.Crim.P., Rule 31.-19(c)(4), 17 A.R.S. While this list is, of course, not exhaustive of the appropriate reasons for seeking review, it is intended to provide counsel

with guidance concerning the types of questions which this court deems appropriate for review.

**5.** There is no reason to compound the ethical dilemmas already facing conscientious defense counsel under *Anders* by requiring him to unnecessarily burden this court because his client "[i]nsists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law." DR 2–110(C)(1)(a), Rule 29(a), Rules of the Supreme Court, 17A A.R.S.; see also DR 7–102(A)(2); DR 2–109(A)(2); *Commonwealth v. Moffett,* 383 Mass. at ——, 418 N.E.2d at 591.

■ It is important to emphasize the limited scope of the issue decided here. *Anders* is based upon an equal protection analysis. Indigents are to be given the same right to fair process—the same "opportunities on appeal"—as those "who are able to afford" to retain counsel. *Id.* 386 U.S. at 745, 87 S.Ct. at 1400.[6] We see no potential due process or equal protection problem with the procedure we have outlined. The procedure comports with *Ross v. Moffitt, supra;* we believe it is consistent, also, with the position of the three dissenters in that case because the critical determination here has nothing to do with defendant's indigent status and is based only on the lack of a meritorious issue upon which to file a petition for review.

■ It is to be remembered that the *Anders* situation involves a *first* appeal—a matter of right in this state.[7] The Oregon courts have developed a variant of the *Anders* procedure in these appeals in which "the only thing that is denied an indigent appellant that a wealthier appellant has available is the chance to go from one attorney to another until an attorney is found who can spot an issue he or she believes can appropriately be presented on appeal." *State v. Horine,* 64 Or.App. 532, 548, 669 P.2d 797, 806 (1983). *A fortiori,* the argument that equal protection and due process are denied to indigents is not compelling when a discretionary petition for review is sought. Neither retained nor appointed counsel should seek review by this court when the only issues that can be raised are without merit or frivolous. Thus the rule we announce today applies as fully to retained counsel as to those appointed to represent indigents.

The judgment is affirmed. The memorandum decision of the court of appeals is approved.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, J., concur.

---

6. In the case at bench a public defender has examined the record and found no appealable error. Nevertheless, complying with *Anders,* he briefed an argument and asked the court of appeals to review the record for error. The court of appeals made that review and found no error. We simply hold that counsel and court system are required to do no more. Once is enough.

7. Of course, in all first appeals, whether to the court of appeals under A.R.S. § 12–120.21 or to this court under A.R.S. § 13–4031 (cases involving the death penalty or life imprisonment), the appellate court will search the record for error, as required by A.R.S. § 13–4035(B). The rule adopted today simply limits that procedure to the first appeal and refuses to extend it to cases submitted or accepted on petition for review.