NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

SAMMY PORTILLO, *Appellant.*

No. 1 CA-CR 13-0494
FILED 05-29-2014

---

Appeal from the Superior Court in Maricopa County
CR2012-159969-001
The Honorable Warren J. Granville, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Frances J. Gray
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Margaret H. Downie joined.

---

**B R O W N**, Judge:

¶1        Sammy Portillo appeals his convictions and sentences for arson of a structure and resisting arrest.  Counsel for Portillo has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), advising that after searching the record on appeal, she was unable to find any arguable grounds for reversal.  Portillo was granted the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2        Our obligation is to review the entire record for reversible error.  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Portillo.  *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).  Finding no reversible error, we affirm.

¶3        In October 2012, Portillo had been staying at a residence occupied by his cousin, D.P., and her daughter.  D.P. and Portillo had an argument one afternoon and D.P. ordered Portillo to leave.  Portillo spent the remainder of the day at a family gathering, hosted by his brother, who owned a gray van.  Throughout the day, Portillo made several harassing phone calls to D.P.  Several hours after midnight, Portillo drove his brother's van back to D.P.'s house, demanding that she open the door.  When she refused, Portillo walked to the van and returned carrying a "bottle . . . with an orange rag sticking out [that was] on fire."  D.P. and her daughter both saw Portillo throw the bottle into D.P.'s car.  D.P. immediately called 9-1-1 to report that Portillo had thrown bottles of gas at her house and car, setting her car on fire.

¶4        Officer Nelson located the van at Portillo's brother's house, but did not locate Portillo.  Inside the van investigators found orange rags similar to the charred orange rags found in and around D.P.'s car.  Additionally, a fire investigator recovered broken glass bottles near D.P.'s car that bore "gasoline residue."  The investigator testified the fire was

2

caused by a "Molotov cocktail" thrown through the driver's side window of the vehicle.

¶5            Approximately six weeks after the incident, Officer Nelson recognized Portillo walking through an alley in the neighborhood where D.P. lived.  Nelson exited his marked patrol car and called Portillo over to him.  Nelson had Portillo face the patrol car and began placing a handcuff on Portillo's wrist.  Portillo began to pull away, jerking his arms and swinging his elbows.  A struggle ensued, causing both men to fall to the ground.  Portillo was able to run away but was eventually located in a nearby yard and taken into custody.

¶6            The State indicted Portillo for attempted arson of an occupied structure, a class 3 dangerous felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-1704; arson of a structure or property, a class 4 dangerous felony, in violation of A.R.S. § 13-1703; aggravated assault, a class 5 felony, in violation of A.R.S. § 13-1204 (A)(8) (a); and resisting arrest, a class 6 felony, in violation of A.R.S. § 13-2508 (A) (1).  The State also indicted Portillo for misconduct involving weapons, but the trial court granted Portillo's motion to sever that charge from the remainder of the indictment.

¶7            A jury found Portillo guilty of arson of a structure and resisting arrest, but acquitted him of attempted arson of an occupied structure and aggravated assault.  The jury also found two aggravating circumstances:  threat of serious physical injury and use or threatened use of a dangerous instrument.

¶8            Prior to sentencing, the trial court found that the State proved beyond a reasonable doubt that Portillo had two prior felony convictions.  The court imposed an aggravated sentence of twelve years for arson of a structure and a mitigated sentence of three years for resisting arrest.  The court ordered the sentences to run consecutively and gave Portillo presentence incarceration credit of 207 days on the arson conviction.  This timely appeal followed.

¶9            We have searched the entire record for reversible error and have found none.  All of the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The record shows Portillo was present and represented by counsel at all pertinent stages of the proceedings and at the disposition hearing, was afforded the opportunity to speak before sentencing, and the sentences imposed were within

statutory limits. Accordingly, we affirm Portillo's convictions and the resulting sentences.

¶10 Upon filing of this decision, counsel shall inform Portillo of the status of the appeal and his options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Portillo shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh