NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CASSANDRA MICHELLE ANDI, *Appellant.*

No. 1 CA-CR 15-0641
FILED 3-31-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-154323-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge John C. Gemmill and Judge Margaret H. Downie joined.

---

**G O U L D**, Judge:

**¶1**　　　　Cassandra Michelle Andi ("Andi") appeals from her conviction and sentence for one count of attempt to commit acquisition or administration of a narcotic drug.  Andi's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Andi was granted leave to file a supplemental brief *in propria persona*, and did not do so.

**¶2**　　　　Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2016).[1]  Finding no reversible error, we affirm.

**Facts and Procedural History[2]**

**¶3**　　　　In January 2014, Andi entered a CVS pharmacy with a prescription purportedly written for her ex-spouse, J.A., from a Dr. Giknavorian.  Andi attempted to use the prescription to obtain 120 pills of oxycodone, a narcotic drug.  The pharmacist, however, noted a "flag" on J.A.'s account.  The "flag" had a notation requiring the pharmacy to contact

---

[1]　　　Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]　　　We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

J.A. and verify any efforts to fill a prescription in his name. As a result, the pharmacist asked Andi what her relationship was to J.A. and requested identification. Andi stated she was J.A.'s wife[3] and presented the pharmacist with her driver's license. The pharmacist verified the photo on the license was indeed Andi and made a copy of the license.

**¶4** The pharmacist was unable to contact J.A., and, therefore, would not release the prescription to Andi. Andi requested the pharmacist return the prescription to her, but the pharmacist refused. Andi then left the pharmacy without incident.

**¶5** Suspicious, the pharmacist attempted to contact the doctor who signed the prescription to verify whether it was, in fact, legitimate. The pharmacist made several attempts to contact the doctor, but was ultimately unsuccessful. The pharmacist then contacted the police.

**¶6** When an officer arrived at the pharmacy, the pharmacist provided him with the copy of Andi's driver's license, J.A.'s patient profile, and the prescription Andi attempted to use to obtain the narcotic drug. A couple of months later, the officer returned to the pharmacy and showed the pharmacist a photographic lineup containing Andi's photo. The pharmacist identified Andi's photograph as the person who presented the written prescription to her in January.

**¶7** Dr. Giknavorian testified at trial. She testified that she did not write the subject prescription, and that J.A. had never been her patient. She also testified that the signature on the prescription was not hers.

**¶8** At the end of the trial, the jury found Andi guilty of attempt to commit acquisition or administration of narcotic drugs. Andi was sentenced to two years' supervised probation. Andi timely appealed.

## DISCUSSION

**¶9** We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Andi was present and represented by counsel at all critical stages of the proceedings. At sentencing, Andi and

---

[3] There is some confusion in the record about whether Andi stated she was J.A.'s wife or ex-wife. In the end, it was determined that Andi stated she was J.A.'s wife.

her counsel were given an opportunity to speak and the court imposed a legal sentence.

¶10　　　　Counsel's obligations pertaining to Andi's representation in this appeal have ended. Counsel need do nothing more than inform Andi of the status of the appeal and her future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Andi shall have thirty days from the date of this decision to proceed, if she so desires, with an *in propria persona* motion for reconsideration or petition for review.

**Conclusion**

¶11　　　　For the reasons stated above, Andi's conviction and sentence is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

4