NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JACK BUCHANAN SCALPH, *Appellant.*

No. 1 CA-CR 17-0520
FILED 2-15-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-138289-001
The Honorable Erin O'Brien Otis, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Peter B. Swann and Judge James P. Beene joined.

---

**T H O M P S O N,** Judge:

¶1 This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297 (1969). Counsel for Jack Buchanan Scalph (defendant) has advised us that, after searching the entire record, she has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record. Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2 Defendant was on probation for third-degree burglary, a class 4 felony. Defendant's probation officer filed a petition to revoke his probation in this matter after defendant was charged with various crimes committed in March 2016 in another matter. The petition alleged that defendant violated probation provisions which required him to remain law abiding, not possess or control a firearm, not possess or use illegal drugs or controlled substances, and pay all restitution, fines, and fees in his case. After a jury convicted defendant of the March 2016 offenses, he conceded that he had violated his probation provisions in this matter. The trial court revoked defendant's probation, sentenced him to a mitigated term of one and one-half years, and gave him credit for 276 days of presentence incarceration.

¶3 We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶4        We affirm the revocation of probation and sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA