NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSHUA CALE KLUVER, *Appellant.*

No. 1 CA-CR 17-0169
FILED 3-27-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-137268-001
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Edward F. McGee
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Chief Judge Samuel A. Thumma joined.

_____

**B R O W N**, Judge:

**¶1**    Joshua C. Kluver appeals his convictions and sentences for unlawful flight from a law enforcement vehicle, aggravated assault on a peace officer, and resisting arrest.  Kluver's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, he found no meritorious grounds for reversal.  Kluver was given the opportunity to file a supplemental brief but did not do so.

**¶2**    Our obligation is to review the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Kluver.  *State v. Guerra*, 161 Ariz. 289, 293 (1989).

**¶3**    In August 2016, Officer Miel was advised that Kluver had a suspended license and outstanding misdemeanor arrest warrants.  Miel, driving in a marked police vehicle, attempted to conduct a traffic stop of the motorcycle Kluver was driving.  After Miel activated his vehicle's lights and sirens, Kluver pulled into a parking lot, slowed down as if he were about to stop, and then sped up.  Miel followed Kluver's motorcycle through the parking lot and back onto the road. Shortly thereafter, a second marked police vehicle joined Miel in the pursuit, but neither of them were able to stay with Kluver.

**¶4**    Police later located Kluver and followed him into a residential neighborhood.  Kluver parked his motorcycle and ran across the street, joining another male who was standing outside a residence.  Officer Leblanc, who was not in uniform but had a police badge and gun on his right hip, and a police radio in his left hand, approached the two males, loudly announced he was a police officer, and instructed Kluver to "put his hands up."  Kluver walked towards the officer with his fists clenched and the officer drew his gun.  Moments later, a second police officer not in

uniform arrived; Kluver turned around, ran about 10 feet, and fell in a gravel area. The second officer detained the other male on the scene while Leblanc attempted to detain Kluver.

¶5 Leblanc told Kluver to stay on the ground but Kluver did not comply. Each time Kluver attempted to get up, the officer pushed him back down. A third officer arrived to assist. Soon thereafter Leblanc lost his grip of Kluver's hand when Kluver tried getting up and he gave Leblanc an "impact push," which caused Leblanc to fall into a bush, resulting in several scratches on his arm. Kluver was detained shortly thereafter, and the State charged him with aggravated assault on a peace officer, resisting arrest, and unlawful flight from a law enforcement vehicle.

¶6 Following a jury trial, Kluver was found guilty as charged. Kluver was sentenced to one and one-half years for unlawful flight from a law enforcement vehicle, one and one-half years for aggravated assault, and one year for resisting arrest. Kluver timely appealed.

¶7 After a thorough review of the record, we find no reversible error. *See Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Kluver was represented by counsel at all stages of the proceedings against him. Kluver was present at all critical stages. The evidence presented supports the convictions and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with Kluver's constitutional and statutory rights and the Arizona Rules of Criminal Procedure. Therefore, we affirm Kluver's convictions and the resulting sentences.

**¶8**   Defense counsel's obligations pertaining to Kluver's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do no more than inform Kluver of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *Id.* at 584-85. On the court's own motion, Kluver has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA