NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CLAYTON DESHON MATHENEY, *Appellant.*

No. 1 CA-CR 18-0022
FILED 9-18-2018

Appeal from the Superior Court in Maricopa County
No. CR 2017-122932-001
The Honorable Greg Como, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph Maziarz, Chief Counsel of Criminal Appeals Section
*Counsel for Appellee*


Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Michael J. Brown joined.

---

**T H O M P S O N**, Judge:

¶1        This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Clayton Deshon Matheney (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the records. Defendant was given the opportunity to file a supplemental brief *in propria persona*, but did not do so.

¶2        Goodyear police were called to investigate a vehicle whose driver, defendant, failed to yield to Phoenix police during a traffic stop. Defendant and responding officer pulled on to defendant's street at the same time. Defendant exited his vehicle and was immediately handcuffed. The officer frisked defendant and asked if he was carrying a weapon; defendant replied that he was not.

¶3        The officer then brought defendant over to the police vehicle, where he searched defendant more thoroughly and located multiple ammunition rounds. As defendant's vehicle was being searched, defendant, without being asked, volunteered that there was marijuana in the vehicle. Officers found marijuana in the center console and a .22 caliber handgun between the passenger seat and passenger door.

¶4        The state charged defendant with possession of marijuana in an amount weighing less than two pounds, a class 6 felony, and with misconduct involving weapons, a class 1 misdemeanor. After a two-day bench trial, the judge found defendant guilty of knowingly possessing marijuana, and acquitted defendant of the misconduct involving weapons charge. The judge, finding that Proposition 200 applied to defendant, sentenced defendant to eighteen months of supervised probation.

¶5        We have read and considered defendant's *Anders* brief, and have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. All of the proceedings were conducted in compliance

with the Arizona Rules of Criminal Procedure. So far as the record reveals, defendant was adequately represented by counsel at all stages of the proceedings, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶8      We affirm the conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA