NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

PATRICK CHRISTOPHER WALTERS, *Appellant.*

No. 1 CA-CR 18-0318
FILED 12-11-2018

---

Appeal from the Superior Court in Yuma County
No. S1400CR201600256
The Honorable David M. Haws, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Eugene Marquez
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1 This appeal has been presented to us in in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal, advising us there are no meritorious grounds for reversal. Defendant Patrick Christopher Walters was given the opportunity to file a supplemental brief but did not do so. We now review the entire record for reversible error, *see State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the facts in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Walters. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2 The State indicted Walters on one count of aggravated assault involving domestic violence via choking (Count 1), one count of aggravated assault involving domestic violence while possessing a handgun (Count 2), and one count of disorderly conduct involving domestic violence via brandishing a handgun (Count 3). The following evidence was presented at trial.

¶3 In response to a report of domestic violence, police officers were dispatched to Walters's residence. Walters was standing in the driveway when they arrived. He told the officers that his wife, Y.W., called 9-1-1 after the couple had fought. Their argument had turned violent when Walters jumped on top of her, squeezing his hands around her neck so hard that she "wasn't able to breathe normally." After he released her, Y.W. went outside to dial 9-1-1 but Walters "came at" her, grabbing her neck, dragging her into the house, and pushing her to the ground. The altercation continued inside, where Walters once again attacked Y.W. until his daughter finally pulled him off. Y.W.'s son also described seeing Walters standing over Y.W. and "punching" her while she lay on the hallway floor. The responding officers discovered Y.W. with "obvious injuries, small cuts and scrapes on her foot . . . consistent with a scuffle." The next day, at a follow-up interview of Y.W., officers took pictures of bruising on her lower left back and arms, as well as a faint "marking" on her neck.

¶4         The jury determined that Walters was not guilty on Counts 2 and 3 but found him guilty of misdemeanor assault involving domestic violence, a lesser-included offense of Count 1.  The superior court imposed supervised probation of 24 months, ordering Walters to pay administrative and restitution fees and assessments.  Walters timely appealed.

¶5         After a thorough review of the record, we find no reversible error.  *Clark*, 196 Ariz. at 541, ¶ 50.  The record reflects Walters either waived his right to be present under Arizona Rule of Criminal Procedure 9.1, or was present and represented by counsel, at all critical stages of the proceedings.  The evidence presented supports the conviction and the resulting probation is permitted by law.  As far as the record reveals, these proceedings complied with Walters's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.  Therefore, we affirm Walters's conviction and imposition of probation.

¶6         Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Walters of the outcome of this appeal and his future options.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).   Walters has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

