NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ADAM WADE BRYANT, *Appellant.*

No. 1 CA-CR 18-0673
FILED 6-4-2019

Appeal from the Superior Court in Mohave County
No. S8015CR201701500
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James P. Beene joined.

_____

**C A T T A N I**, Judge:

**¶1**       Adam Wade Bryant appeals the revocation of his probation and the resulting sentence. Bryant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Bryant was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Bryant's probation revocation and sentence.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**       Bryant pleaded guilty to aggravated assault, a class 3 felony, and was sentenced to 120 days in jail and 4 years of supervised probation. After Bryant completed the jail term, his probation officer filed a petition to revoke, citing multiple probation violations.

**¶3**       At the probation violation hearing, Bryant's probation officer testified to the terms of Bryant's probation and the violations. Bryant was required to report to his probation officer every Friday but failed to report for six consecutive weeks. He was required to actively participate in counseling but failed to do so and was closed out for non-participation. Bryant was expressly prohibited from using illicit drugs but admitted to using them. And although he was required to seek approval before changing residences, he failed to do so.

**¶4**       The superior court found multiple violations, revoked probation, and sentenced Bryant to three years' imprisonment, with credit for 205 days of presentence incarceration. Bryant timely appealed.

## DISCUSSION

**¶5** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶6** Bryant was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Bryant all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate hearings, and the evidence presented was sufficient to support the finding that Bryant violated probation. Bryant's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶7** Bryant's probation revocation and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Bryant's representation in this appeal will end after informing Bryant of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Bryant has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

