NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

NIKOLAS V. DOMINGUEZ, *Appellant.*
No. 1 CA-CR 18-0816

FILED 7-30-2019

---

Appeal from the Superior Court in Maricopa County
No. CR2016-108708-001
The Honorable Warren J. Granville, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse joined.

---

**C R U Z**, Judge:

¶1         This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Appellant Nikolas V. Dominguez was given the opportunity to file a supplemental brief and has done so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Dominguez, *State v. Guerra*, 161 Ariz. 289, 293 (1989). We affirm Dominguez' convictions and sentences.

¶2         On the evening of February 22, 2016, Dominguez went to the home of J.F. and his girlfriend J.S. He walked into the kitchen and sat next to the place where J.F., a quadriplegic, was sitting. The two were co-defendants on an unrelated criminal matter ("the Pinal case"). As the two sat next to each other, J.F. mentioned the upcoming court hearing in the separate criminal case. Dominguez said he was not going to court, pulled a gun from the hoodie he was wearing and shot J.F. six times. Then, he shot J.S. She died from her gunshot wounds before anyone could assist her, but J.F. was still alive when a cousin came to the residence and called for help.

¶3         While at police headquarters, Dominguez admitted to shooting J.F. and J.S. His detailed recount of events was consistent with the account given by J.F., the only survivor. Dominguez was charged with burglary in the first degree, first degree murder of J.S., and attempted first degree murder of J.F. J.F. recovered from the attack and, at trial, positively identified Dominguez as the shooter. A twelve-person jury convicted him on all counts. Dominguez timely appealed.

¶4         In his supplemental brief, Dominguez argues, without citation to the record as required by Rule 31.10(a)(7)(A), Ariz. R. Crim. P., that he was improperly denied the opportunity to: impeach the State's witnesses with prior inconsistent statements; introduce evidence of the Pinal case; receive evidence that witness D.C. removed evidence from the crime scene at victim J.F.'s request in a timely fashion, rather than on the eve of trial; and to amend his notice of defenses according to the evidence admitted at trial. Dominguez similarly argues the State should not have been permitted to inform the jury at opening statements that victim J.F. would testify that Dominguez shot him; that the court assisted the State in prosecuting the case by asking questions during trial; that on account of

various instances of hearsay testimony allowed into evidence, his motion for mistrial should have been granted; and that he went to trial unprepared and without a defense. Dominguez' arguments are without merit.

**¶5** After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Dominguez was present and represented by counsel at all critical stages of the proceedings against him. The evidence presented, including his own post-*Miranda*-warnings detailed admission to investigating officers of the manner in which he alone shot both victims, supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Dominguez' constitutional and statutory rights. Therefore, we affirm Dominguez' convictions and sentences.

**¶6** Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Dominguez of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Dominguez has thirty days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:                        RB