NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

HUGO MOLINA TORRES, *Appellant.*

No. 1 CA-CR 22-0495
FILED 9-5-2023

Appeal from the Superior Court in Maricopa County
No.  CR2021-112131-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

---

**K I L E Y**, Judge:

¶1        A jury convicted Hugo Molina Torres of Molestation of a Child in violation of A.R.S. § 13-1410 and Sexual Conduct with a Minor in violation of A.R.S. § 13-1405 based on events that occurred in early 2020, when the victim ("Victim") was eleven years old. Molina Torres appeals his convictions and sentences pursuant to *Anders v. California*, 368 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). In his opening brief, counsel for Molina Torres provides the requisite "detailed factual and procedural history of the case, with citations to the record," *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), states that he "has found no arguable question of law that is not frivolous," and asks this Court to search the record for fundamental error. Molina Torres had the opportunity to file a supplemental brief but did not do so. After reviewing the record, we affirm Molina Torres's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        This Court's obligation here "is to review the entire record for reversible error, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against" the appellant. *State v. Melendez*, __ Ariz. __, 2023 WL 4728653 at *1, ¶ 1 (Ariz. App. July 25, 2023) (cleaned up).

¶3        Viewed in this manner, the record shows that Victim's mother was in a long-term relationship with Molina Torres, who lived with Victim, her mother, and her brother. One evening, Victim, her brother, and Molina Torres were sitting on a bed at home watching a movie. After Victim's brother fell asleep, Molina Torres got up to use the bathroom. When he returned, he lay down on the bed next to Victim. He began touching and hugging her, then put his hand inside her pants and touched her vagina. Uncomfortable with Molina Torres's actions, Victim left the room. Later that night, she went to her bedroom to sleep. Molina Torres entered the room while she slept, and Victim awoke when he again put his hands under her clothing and touched her vagina. Victim got up and left

her bedroom. Later that morning, Victim was sitting on the couch playing Xbox with her brother when Molina Torres joined them, sitting next to Victim. He took a blanket and placed it over himself and Victim, then took Victim's hand and placed it on his penis.

¶4 Victim kept quiet about Molina Torres's actions for two weeks before telling a school friend. The school counselor learned of Victim's disclosure and reported it to the school resource officer (the "SRO") who, in turn, notified the police. When interviewed by the police, Molina Torres initially denied the accusations before admitting that he touched Victim's vagina twice.

¶5 At trial, Victim testified to the events described above. The school counselor, the SRO, the investigating police officers, a forensic interviewer, and an expert witness also testified, and the State presented the videorecording of Molina Torres's police interview. At the conclusion of the State's case, Defense counsel moved for a directed verdict under Arizona Rule of Criminal Procedure 20. After the court denied the motion, Molina Torres testified, denying all of the allegations. After closing arguments, the jury deliberated and returned verdicts of guilt on two of the three counts.

¶6 After closing arguments, the jurors deliberated and returned verdicts of guilty on Count 1, Molestation of a Child, and Count 3, Sexual Conduct with a Minor, each a class 2 felony and a Dangerous Crime Against Children under A.R.S. § 13-705. The jurors were unable to reach a unanimous verdict on Count 2, Molestation of a Child, which was later dismissed on the State's motion. The trial court sentenced Molina Torres to the presumptive sentence of 17 calendar years on Count 1 and a consecutive life sentence on Count 3, with the possibility of community release after 35 years.

¶7 Molina Torres timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶8 The record reflects that Molina Torres was represented by counsel at all stages of the criminal proceedings, that his constitutional and statutory rights were honored, and that the proceedings were conducted in accordance with applicable court rules. Further, the sentences imposed are within the statutory ranges. *See* A.R.S. § 13-705(C), (F). Having searched the

record for reversible error and finding none, we affirm Molina Torres's convictions and sentences.

¶9        Unless, upon further review, defense counsel discovers an issue appropriate to raise with the Arizona Supreme Court, counsel's obligations in this appeal will end once counsel "inform[s] [Molina Torres] of the status" of this appeal and his "future options." *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Molina Torres has 30 days from the date of this decision to file a motion for reconsideration or a petition for review *in propria persona*.

## CONCLUSION

¶10        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA