NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TOMMY LEE DIXON, JR., *Appellant.*

No. 1 CA-CR 23-0135
FILED 12-21-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202200272
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Paul J. McMurdie joined.

**T H U M M A**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Tommy Lee Dixon, Jr., has advised the court that, after searching the entire record, she has found no arguable question of law and asks the court to conduct an *Anders* review of the record. Dixon was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the record and has found no reversible error. Thus, Dixon's convictions and resulting sentences are affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2        Dixon was indicted for various felony offenses committed in December 2021 in Kingman, Arizona. A jury later found Dixon guilty of first-degree burglary, a Class 2 felony (Count 1); disorderly conduct, a Class 6 felony (Count 2); discharging a firearm at a residence, a Class 2 felony (Count 3); and misconduct involving weapons, a Class 4 felony (Count 4). As to counts one, two and three, the jury also found the State had proven the alleged aggravators of physical, emotional and financial harm to the victim.

¶3        At a March 2023 sentencing, the court considered Dixon's mental health and medical history as a mitigating factor. Given his prior criminal history, Dixon was sentenced as a Category 3 non-dangerous but repetitive offender to prison terms of 28 years for Count 1; 4.5 years for Count 2; 28 years for Count 3; and 8 years for Count 4. The sentences for Counts 1 and 3 are consecutive to each other and the sentences for Counts 2 and 4 are concurrent to Count 1. This court has jurisdiction over Dixon's timely appeal under Arizona Revised Statute §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

### DISCUSSION

¶4        The record shows that Dixon was represented by counsel at all stages of the proceedings and that counsel was present at all critical

stages. The record contains substantial evidence supporting the verdict. The prison sentences imposed were within statutory limits, and the lack of presentence incarceration credit was correct. And in all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶5**        This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 204 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Dixon's conviction and resulting sentence are affirmed.

**¶6**        Upon the filing of this decision, defense counsel is directed to inform Dixon of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Dixon has 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA