NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GERMAINE H. FRYSON, *Appellant*.

No. 1 CA-CR 24-0595

FILED 11-21-2025

Appeal from the Superior Court in Maricopa County
No. CR2023-121645-001
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Brown & Little, PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge Brian Y. Furuya joined.

**P A T O N**, Judge:

¶1        Germaine H. Fryson ("Fryson") appeals his convictions and sentences for aggravated assault and endangerment.  Fryson's counsel filed an opening brief stating that he diligently reviewed the record and found no arguable, non-frivolous questions of law.  Fryson's counsel asked this court to conduct an *Anders* review of the record. *See Anders v. California*, 386 U.S. 738, 744 (1967).  Fryson had an opportunity to submit a supplemental brief but did not.  We have reviewed the record and find no reversible error.  We therefore affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        In May 2023, a light rail operator ("the operator") was operating a train approaching a light rail stop in Phoenix.  He observed a male with ripped clothing and exposed red underwear, later identified as Fryson, standing closely behind Ben, who was near the track and apparently waiting to cross the street.[1]  Fryson kept glancing between the incoming train and Ben, which made the operator suspicious; he began to slow the train down as it approached the stop.

¶3        Fryson then pushed Ben onto the light rail track, causing the operator to immediately deploy the maximum break, and narrowly avoid hitting Ben.  Fryson fled the scene.  Ben sustained injuries, including scratches and abrasions on his hip and arm.

¶4        The police quickly located Fryson based on his physical description matching that of the suspect, and Ben identified him as the person who pushed him in front of the train.

¶5        A grand jury indicted Fryson on one count each of aggravated assault and endangerment (both dangerous offenses), as well as criminal

---

[1] We use a pseudonym to protect the victim's identity.  *See* Ariz. R. Sup. Ct. 111(i).

trespass and refusing to provide a truthful name when lawfully detained; the latter two counts were dismissed prior to trial.

¶6         At trial, the jury heard the operator testify that Fryson pushed Ben in front of the incoming train, and watched camera footage showing Fryson push Ben onto the track as the train approached.  The jury convicted Fryson of aggravated assault and endangerment.  It also found the State proved each count was a dangerous offense, and that he committed the offenses while on felony probation.  The superior court found several mitigating factors: Fryson's history of mental illness, substance abuse, and a limited felony record.  In aggravation, the court found physical, emotional, and financial harm to the victim.  The court imposed presumptive, concurrent sentences of 7.5 years for the aggravated assault conviction and 2.25 years for the endangerment conviction, with 517 days of presentence incarceration credit.[2]

## DISCUSSION

¶7         We have considered counsel's brief and reviewed the entire record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (providing guidelines for briefs when counsel has determined no arguable issues on appeal).  We find none.

¶8         The record contains sufficient evidence to support Fryson's convictions and sentences.  The record reflects that Fryson was present and represented by counsel for all critical stages of the proceedings, or voluntarily waived his right to be present.  All proceedings complied with the Arizona Rules of Criminal Procedure, and Fryson's sentences are within the permissible statutory ranges.

## CONCLUSION

¶9         We affirm Fryson's convictions and sentences.  Upon the filing of this decision, Fryson's counsel shall inform him of the status of his appeal and his future options.  Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Fryson has 30 days from the date of this decision

---

[2] At Fryson's sentencing hearing, the court also revoked his probation in a separate case, CR2023-104620-001, and imposed a one-year sentence consecutive to the sentences imposed in this case.

to proceed, if he desires, with a pro se motion for reconsideration or petition for review. *See* Ariz. R. Crim. P. 31.3(a), 31.20(c), 31.21(b)(2)(A).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR