NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

SEAN DAVID RIX,
*Appellant.*

No. 1 CA-CR 24-0046

FILED 03-19-2026

Appeal from the Superior Court in Mohave County
No. S8015CR201901104
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Janelle A. McEachern, Chandler
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Casey D. Ball
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

**T H U M M A,** Judge:

¶1　　　　This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Sean David Rix initially advised the court that, after searching the entire record, she found no arguable question of law and asked this court to conduct an *Anders* review. Rix was given the opportunity to file a supplemental brief but has not done so. This court has reviewed the record, including supplemental briefing discussed below, and has found no reversible error. Accordingly, Rix's convictions and resulting sentence and probation grant are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　In 2019, a detective with the Mohave County Sheriff's Office conducted an undercover investigation targeting individuals who used the internet to sexually exploit children. The detective created an online persona posing as "Taylor Gates," a 13-year-old minor female. There was, in fact, no 13-year-old Taylor Gates; the officer created the fictional persona as part of the undercover investigation. In response to that posting, an email from "Bob Bobbers" requested models to pose for illicit photographs. In April 2019, when Taylor Gates emailed asking "Do you like younger girls?," Bob Bobbers responded "Yeah, I do." When Taylor Gates sent an email stating "I'm 13. If you don't care, then I don't," Bob Bobbers responded "Pic?"

¶3　　　　Later, Taylor Gates sent an email stating, "I'm 13, so if you're not cool with that, then bye." Bob Bobbers responded, "I'm definitely cool with that," and asked to "meet up." Four times, Bob Bobbers also asked for illicit photos from Taylor Gates.

¶4　　　　The detective obtained a search warrant for the Bob Bobbers' email account. That search yielded a phone number and other identifying information that were traced to Rix. When interviewed, Rix admitted using

the Bob Bobbers name and email address in contacting the Taylor Gates persona.

¶5        Rix was charged with two counts of attempted commercial sexual exploitation of a minor, Class 3 felonies and dangerous crimes against children (DCAC), committed in Mohave County in April and May 2019. After being convicted as charged at a March 2022 trial, those convictions were reversed on appeal, resulting in a retrial. *See State v. Rix*, 256 Ariz. 125, 128 ¶ 1 (App. 2023). At that January 2024 retrial, a different jury found Rix guilty as charged, also finding that Rix "knew or had reason to know the purported minor was under 15 years of age." The court later sentenced Rix under the DCAC sentencing scheme to a mitigated term of five years in prison, with 700 days of presentence incarceration credit for Count 1, and a consecutive 15-year probation grant for Count 2.

¶6        This court has jurisdiction over Rix's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1) (2026).[1]

## DISCUSSION

¶7        The record shows that Rix was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The record contains substantial evidence supporting the verdict. The sentence and probation grant imposed was within statutory limits, and the presentence incarceration credit awarded Rix was correct. In all other respects, from the record presented, the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

¶8        In December 2024, this court stayed the appeal to allow counsel for Rix to file a new opening brief addressing *State v. Marner*, 258 Ariz. 512 (App. 2024), which found that a DCAC sentencing enhancement requires an actual minor victim under 15 years of age, not an adult police officer posing as a child online. Counsel for Rix filed that brief in January 2025 and the State filed an answering brief in March 2025. In April 2025, after the Arizona Supreme Court granted review in *Marner*, this court stayed this appeal. In January 2026, the Arizona Supreme Court issued *State v. Marner*, holding that luring a minor for sexual exploitation where the victim is a fictitious minor (as in this case) qualifies for a DCAC "sentencing enhancement." ___ Ariz. ___, ___ ¶ 1, 583 P.3d 53, 55 (2026).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶9**　　　　This court allowed both parties to file supplemental briefs addressing the Arizona Supreme Court's decision in *Marner*. Rix's counsel relied on the previous briefing, while the State argued *Marner* applies and this court should affirm the DCAC enhancements applied by the superior court. Given the Arizona Supreme Court's opinion in *Marner*, sentencing Rix using the DCAC enhancements was not error.

## CONCLUSION

**¶10**　　　　This court has read and considered counsel's briefs and has searched the record provided for reversible error and has found none. *See Leon*, 104 Ariz. at 298-300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Rix's convictions and resulting sentences are affirmed.

**¶11**　　　　Upon the filing of this decision, defense counsel is directed to inform Rix of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Rix shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　TM