NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RYAN JAMES NEWELL, *Appellant*.

No. 1 CA-CR 17-0621
FILED 7-18-2019

Appeal from the Superior Court in Maricopa County
No.  CR 2015-111701-001
The Honorable John C. Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Susser Law Firm PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Kenton D. Jones joined.

---

**B R O W N**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Newell was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Newell, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2        One afternoon, D.M. heard a loud noise and looked outside to see a Dodge Charger speeding into the cul-de-sac in front of his home. Three men exited the car, two of whom wore neon traffic vests. When D.M. observed the men leap over the rear fence of C.E.'s house, he called the police. Roughly five minutes later, D.M. saw the men leave the home, one with a pillowcase-like sack in hand. Around the same time that D.M. noticed police arriving, the men began to run. Several other neighborhood residents also observed men in neon safety vests running through backyards, jumping over fences, and crossing through the neighborhood's nature preserve.

¶3        The responding officers also had two run-ins with men of a similar description. Sergeant Legault, who was investigating the suspicious Dodge Charger, encountered a young man wearing a neon safety vest who fled into the nature preserve. Legault relayed this information to Officer Jin, who later saw two men running across the neighboring street and hopping over walls. Neither officer, however, managed to apprehend these subjects.

¶4        While Legault and the other officers set up a perimeter around the area, he became aware of an "alarm call" from a nearby residence. Responding to the call, Legault and Officer Murphy hopped over the fence into the residence's yard where they noticed the backdoor

had been broken in. Officers searched the Dodge Charger, finding a driver's license and credit card belonging to Ryan Newell, who Legault recognized as the man who had run away from him earlier. The search also revealed a driver's license registered to Christien Petty and a rental agreement for the Dodge Charger in the name of Rakeem Barber.

¶5            As these events unfolded, C.E. and her husband returned home from running an errand to find a large police presence in the area. Entering the house, C.E. observed the safety latch of the backdoor had been broken and a chair that had been pushed up against the door had been cast aside. She also noticed several items missing, including a pillow case, two boxes of jewelry, and a gold pocket watch.

¶6            Later, police used the information found in the Dodge Charger to obtain an apartment address for Newell. From this address, Officer Fortune followed a car to a gas station located approximately a half-mile away from the burgled home and saw a man he recognized as Newell get in. Fortune returned to Newell's apartment, eventually arresting Newell and finding a pile of jewelry during a protective sweep of the apartment. Meanwhile, other officers had observed Barber and Petty leaving Newell's apartment complex. When the two were arrested, a search of Petty revealed "a gold-colored watch and a gold-colored pocket knife in his sweat pant pocket" along with "a key to a Dodge vehicle."

¶7            That night at the police station, Officer Murphy showed C.E. the jewelry they had collected and she identified several pieces—including those found on Petty—as hers. Officer Murphy also interviewed Newell, who admitted to running from Legault but denied being involved in a burglary.

¶8            As pertinent here, the State charged Newell with one count of burglary in the second degree, a class three felony. A jury found Newell guilty as charged. The jury also found that the burglary involved the presence of an accomplice, caused physical, emotional or financial harm to the victims, and that Newell was on probation at the time. The superior court then determined that Newell had two prior felony convictions, making him a category three repetitive offender. The court imposed a greater than presumptive term of 15 years, with presentence incarceration credit of 813 days. Newell timely appealed.

¶9            After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Newell was present and represented by counsel at all critical stages of the proceedings against

him. The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law.  As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Newell's constitutional and statutory rights.  Therefore, we affirm Newell's conviction and sentence.

**¶10** Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Newell of the outcome of this appeal and his future options.  *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Newell has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

