NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD HITCHCOCK, *Appellant.*

No. 1 CA-CR 20-0355
FILED 8-26-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-101127-001
The Honorable Scott Sebastian Minder, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

**W I L L I A M S**, Judge:

**¶1**  Richard Thadeus Hitchcock appeals his convictions and sentences for theft of means of transportation, unlawful flight from a law enforcement vehicle, and criminal trespass. Hitchcock's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Hitchcock was granted an opportunity to file a supplemental brief *in propria persona* but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Hitchcock, *see State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**  In January 2019, B.R. reported to law enforcement that his red Nissan Frontier had been stolen from his driveway.

**¶3**  The next day, a Scottsdale Police Officer noticed a red truck driving southbound on Scottsdale Road. The truck had no license plate, an obscured temporary tag in the back window, and a large amount of unsecured wood sticking out of the bed of the truck. The officer activated the patrol vehicle's emergency lights and attempted to conduct a traffic stop. The truck "accelerated quickly," went off the road, and hit a large boulder. The driver ran from the vehicle heading west.

**¶4**  A second officer was dispatched to the area and discovered the ignition of the truck had been "punched out," which allowed the vehicle to be operated without a key. Police ran the vehicle's identification number, discovered the vehicle was reported stolen, and learned that B.R. was the registered owner.

**¶5**  K.O. was at his home—just a couple houses west of the accident—when he observed a male in his fenced backyard attempting to

climb over a wall which separated the backyard from another fenced yard on K.O.'s property. Not recognizing the man, K.O. called the police.

¶6            A third officer, with his K-9, found Hitchcock hiding in the brush in the second fenced yard on K.O.'s property. The first officer identified Hitchcock as the driver of the red truck.

¶7            Once notified that his truck had been found, B.R. informed police that, although Hitchcock was a friend of B.R.'s son, Hitchcock did not have permission to use the vehicle, nor did B.R.'s son have permission to let anyone else use the vehicle.

¶8            Hitchcock was charged with theft of means of transportation, a Class three felony ("Count One"); unlawful flight from a law enforcement vehicle, a Class five felony ("Count Two"); and criminal trespass in the first degree, a Class one misdemeanor ("Count Three").

¶9            At trial, Hitchcock moved unsuccessfully for an acquittal under Arizona Rule of Criminal Procedure 20, and the jury convicted Hitchcock as charged. After an aggravation hearing, the jury found the State had proved beyond a reasonable doubt that Hitchcock was on felony probation at the time of the commission of Counts One and Two.

¶10            The trial court found Hitchcock had committed two prior non-dangerous felony offenses and sentenced him to the presumptive term of 11.25 years' imprisonment for Count One; the presumptive term of 5 years' imprisonment for Count Two; and 6 months in county jail for Count Three, all running concurrently, with presentence credit for 197 days served. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶11            All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Hitchcock was at all times represented by counsel. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages). Hitchcock absconded prior to trial and was not present for the proceedings. *See* Ariz. R. Crim. P. 9.1 ("[A] defendant's voluntary absence waives the right to be present at any proceeding."). The trial court record of jury selection does not demonstrate the empanelment of any biased jurors. The jury was properly comprised of twelve jurors, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the

State's burden of proof, and Hitchcock's presumption of innocence. Hitchcock was present and in custody for sentencing. *See* Ariz. R. Crim. P. 26.9. At sentencing, Hitchcock was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 to -709 (as applicable).

**¶12** Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").

## CONCLUSION

**¶13** We have reviewed the entire record for reversible error and find none; therefore, we affirm Hitchcock's convictions and sentences.

**¶14** Defense counsel's obligations pertaining to Hitchcock's representation in this appeal have ended. Counsel need do no more than inform Hitchcock of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On this Court's motion, Hitchcock has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4