NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JESSIE EDWARD PETE, *Appellant*.

No. 1 CA-CR 18-0333
FILED 1-25-2022

Appeal from the Superior Court in Maricopa County
No.  CR2017-153255-001
The Honorable Julie Ann Mata, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

The Susser Law Firm PLLC, Chandler
By Adam Susser
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

---

**T H U M M A**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Jessie Edward Pete advised this court that he has found no arguable question of law after searching the entire record and asks this court to conduct an *Anders* review. Pete was given the opportunity to file a supplemental brief but did not do so. This court has reviewed the record and has found no reversible error. Accordingly, Pete's conviction and resulting sentence are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        One busy afternoon in November 2017, the Arizona School for the Arts was hosting a festival, which attracted many students to the surrounding area. A frequent hangout for the students was a nearby coffee shop. That day, a group of students interacted with Pete, who was wearing a distinctive bright shirt. The interaction caused several students to seek out a teacher, prompting a uniformed police officer who was volunteering at the festival to look for Pete.

¶3        The officer and students went back to the area surrounding the coffee shop, where the students identified Pete because of his bright shirt. The officer approached Pete, who was "immediately confrontational verbally." The officer decided to place Pete under arrest. Pete then began to get "froggy" with the officer and pull away. Pete broke free and "quick stepped" away from the officer, who pursued him at a "fast walk pace."

¶4        Police backup arrived and a sergeant pinned Pete against a wall while another officer handcuffed him. The sergeant testified that "there was a little bit of a struggle" while trying to handcuff Pete. Ultimately, Pete was charged with resisting arrest. *See* Ariz. Rev. Stat. § 13-2508 (2017).

¶5        Pete rejected plea offers and went to trial before an eight-person jury. Four witnesses testified to the events of the arrest. Pete elected not to testify, as was his right, and the jury found him guilty as charged.

Pete addressed the superior court at sentencing. The court found Pete's criminal history to be an aggravating factor and his substance abuse to be mitigating. Pete was sentenced as a Category 3 repetitive offender to a presumptive prison term of 3.75 years and given 179 days of presentence incarceration credit.

## DISCUSSION

¶6 The record shows that Pete was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The record contains substantial evidence supporting the verdict. The sentence imposed was within statutory limits. The award of presentence incarceration credit was accurate. And in all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

## CONCLUSION

¶7 This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Pete's conviction and resulting sentence are affirmed.

¶8 Upon the filing of this decision, counsel is directed to inform Pete of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Pete shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA