NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CORY THOMAS HILTON, *Appellant*.

No. 1 CA-CR 20-0417
FILED 2-1-2022

Appeal from the Superior Court in Maricopa County
No. CR2015-136112-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

---

**S W A N N**, Judge:

**¶1**　　　　This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from Corey Thomas Hilton's convictions and sentences for one count of possession or use of dangerous drugs, a class 4 felony, and one count of possession of drug paraphernalia, a class 6 felony. Neither Hilton nor his counsel identify any issues on appeal. Defense counsel informed Hilton of his right to file a supplemental brief in propria persona by June 11, 2021. He did not do so. We have reviewed the record for fundamental error. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We find none.

**FACTS AND PROCEDURAL HISTORY**

**¶2**　　　　Around 3:15 a.m. on August 4, 2015, Officer Olmos of the Phoenix Police Department responded to an emergency call regarding a verbal altercation. When he arrived on the scene, Olmos observed Hilton and a woman standing near the porch area of a home. Hilton and the woman were the only two people in the area. There were no items or debris in front of the house and the porch lights were on. When Hilton saw Officer Olmos, he reached into his front right pocket, took out a black pouch, and threw it to the ground. Officer Olmos was approximately ten feet away from Hilton when Hilton discarded the pouch. Olmos spoke with Hilton, but never lost sight of the pouch. Olmos retrieved the pouch once other officers arrived on the scene. Inside, he found a clear bag that contained a white crystalline substance later identified as methamphetamine. Officer Olmos arrested Hilton, and he was charged with possession or use of dangerous drugs and possession of drug paraphernalia.

**¶3**　　　　Hilton's attorney filed a Motion for a Rule 11 Evaluation, which the court granted. At the hearing, defense counsel stipulated to Hilton's competency based on the written reports of the two doctors who had examined him**.** The court found Hilton competent to stand trial. Hilton

did not attend the competency hearing because he was in the hospital recovering from an injury.

¶4        Hilton did not appear for his status conference either. Defense counsel stated Hilton called earlier that morning to note he was attempting to pay off child support to quash a family court warrant. But counsel was unaware of Hilton's current whereabouts. Counsel then renewed his motion to withdraw for non-payment of fees. The court granted the motion because a trial date had not been set. The court then ordered a bench warrant for Hilton's arrest and vacated the status conference, to be reset upon Hilton's re-arrest.

¶5        On August 28, 2018, the court issued an order recognizing that though a bench warrant had been ordered in Hilton's July 2016 criminal case, the warrant had not been prepared. The court then issued the bench warrant. Hilton was arrested the following week.

¶6        On September 20, 2018, Hilton appeared, in custody, with newly appointed counsel. At that hearing, Hilton waived his right to a speedy trial. One month later, defense counsel filed a motion to continue because she was unable to locate Hilton, who had been released from custody. Hilton did not appear at his final trial management conference on December 6, 2018, or his status conference on January 9, 2019. He also failed to appear for a status conference on February 27, 2019.

¶7        Hilton's trial proceeded, in absentia, on March 25, 2019. Officer Olmos and Erica Bell, the forensic scientist who tested the methamphetamine, both testified at trial. The state presented the physical evidence gathered from the crime scene. After the state's case in chief, defense counsel moved for a verdict of acquittal pursuant to Ariz. R. Crim. P. ("Rule") 20, which the court denied. Defense counsel did not present evidence. She did, however, make multiple objections and successfully argued for the removal of certain jury instructions.

¶8        On March 27, 2019, the jury found Hilton guilty on both counts. The trial immediately proceeded to the aggravation phase, after which the jury found Hilton committed the offenses while on community supervision. Hilton was arrested in May 2020 and appeared for a status conference/post-warrant hearing shortly thereafter. On August 7, 2020, the court found Hilton had three prior felony convictions and sentenced him as a category three repetitive offender to a presumptive term of ten years of imprisonment, with credit for 152 days of presentence incarceration for

possession of dangerous drugs and a concurrent presumptive term of 3.75 years for possession of drug paraphernalia.

## DISCUSSION

**¶9** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶10** Hilton was represented by counsel at all stages of the proceedings against him. Though Hilton's counsel withdrew from representation in 2016, no hearings were held or even set from then until his arrest in 2018. The court appointed counsel for Hilton once he was apprehended.

**¶11** Though Hilton was not present for his trial, he was informed of the importance of maintaining contact with his attorney and had been warned that proceedings could go forward without him. *See* Rule 9.1. Hilton failed to appear at three hearings immediately preceding his trial and did not maintain contact with his attorney. During voir dire, the court informed prospective jurors that they were not permitted to speculate about Hilton's absence. At sentencing, Hilton admitted guilt and acknowledged that his absence from trial was voluntary.

**¶12** The record reflects that the superior court afforded Hilton all his constitutional and statutory rights and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdict. Hilton's sentences fall within the ranges prescribed by law, with proper credit given for presentence incarceration. *See* A.R.S. §§ 13-3401(6)(c)(xxxviii), -3407(A)(1) & (B)(1), -3415(A), -3420, -703(C) & (J), -708(C), -711(A), -901.01(H)(4).

## CONCLUSION

**¶13** We affirm Hilton's convictions and sentences. After the filing of this decision, defense counsel's obligations pertaining to Hilton's representation in this appeal will end after informing Hilton of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Hilton has 30 days from the date of this decision to proceed

with a *pro se* motion for reconsideration or petition for review if he so wishes.  *See* Rule 31.20(c); Rule 31.21(b)(2)(A).



AMY M. WOOD • Clerk of the Court
FILED:    AA