NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

*In re* CARSON Y.

No. 1 CA-JV 22-0023
FILED 10-20-2022

---

Appeal from the Superior Court in Maricopa County
No. JV604758
The Honorable Sigmund G. Popko, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

The Law Offices of Kevin Breger, PLLC, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which
Vice Chief Judge David B. Gass and Judge Angela K. Paton joined.

---

**McMURDIE**, Judge:

¶1   Carson Y. appeals from a court order requiring him to register as a sex offender until he is 25 resulting from his convictions for indecent exposure to a minor under 15, assault with sexual motivation, and a probation violation. Carson's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, counsel found no arguable question of law that was not frivolous. Carson was allowed to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm the court's order.

## FACTS AND PROCEDURAL BACKGROUND

¶2   Carson pled delinquent to indecent exposure to a minor under the age of 15 and assault with sexual motivation.

¶3   After a disposition hearing on his plea, the court placed Carson on probation. It required him to participate in, cooperate with, and complete all therapy, counseling, treatment, or placement as arranged by his parents, school, placement, or probation officer. The probation term was to end on January 26, 2022. The court also ordered Carson into residential care at the Youth Development Institute when a bed became available. The court deferred the matter of sexual registration. Later, on the State's motion, the court scheduled a registration hearing for January 14, 2022.

¶4   The State filed a petition alleging four probation violation allegations: (1) failing to follow the rules of the guardian (placement at Youth Development Institute); (2) failing to complete the treatment; (3) engaging in sexual activity with a peer at Youth Development Institute; and (4) viewing pornography while at Youth Development Institute. The next day, Carson entered a plea agreement admitting he failed to complete treatment, and the court scheduled the disposition hearing for January 24, 2022.

¶5   At the hearing, Carson's probation officer recommended that he be unsuccessfully terminated from probation and must register as a sex offender. The State supported the recommendation. The recommendations relied on psychosexual risk assessments that suggested Carson was likely

to re-offend sexually and showed his sexual risk score had increased while in treatment.

**¶6** Carson's attorney argued that if Carson had to register, it would impact his ability to receive treatment, which all parties agreed should continue. Still, the court terminated Carson as unsuccessfully completing probation and ordered him to register as a sex offender until he was 25.

**¶7** The court filed its order before Carson turned 18 on January 26, 2022. Carson appealed.

## DISCUSSION

**¶8** We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶9** Carson was represented by counsel and was present at, or waived his right to be present at, all stages of the proceedings against him. The record reflects that the superior court afforded Carson all his constitutional and statutory rights and conducted the proceedings following the Rules of Procedure for the Juvenile Court. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the court's decision.

## CONCLUSION

**¶10** The court's order against Carson is affirmed in full. After the filing of this decision, defense counsel's obligations pertaining to Carson's representation in this appeal will end after informing Carson of the outcome of this appeal and his future options unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

