NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DEJUAN MARKEISS HOPSON, *Appellant*.

No. 1 CA-CR 23-0071
FILED 4-23-2024

Appeal from the Superior Court in Maricopa County
No. CR2018-139646-002
The Honorable Adam D. Driggs, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Phillip A. Tomas
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Cynthia J. Bailey joined.

**F U R U Y A**, Judge:

**¶1**  Dejuan Markeiss Hopson appeals the superior court's resentencing on Count 1 of his October 2019 conviction for misconduct involving a deadly weapon, possessing a firearm while being a prohibited possessor in violation of A.R.S. § 13-3102(A)(4), a Class 4 felony. Hopson's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this court she has searched the record and found no arguable issue to raise on appeal. She requests this court independently review the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).

**¶2**  We have appellate jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and 13-4033(A). Finding no reversible error, we affirm Hopson's resentencing. We correct clerical errors in the September 8, 2020 and September 1, 2022 sentencing orders.

## FACTS AND PROCEDURAL HISTORY

**¶3**  The history of this case is set forth in this court's memorandum decision affirming Hopson's convictions and vacating and remanding sentencing on Count 1: a Class 4 felony for possessing a firearm while being a prohibited possessor in violation of A.R.S. § 13-3102(A)(4). *See State v. Hopson*, 1 CA-CR 20-0444, 2021 WL 5002366 (Ariz. App. Oct. 28, 2021) (mem. decision). Therefore, we do not recount that history here.

**¶4**  Relevant to Hopson's sentencing on Count 1, the court found two prior felony convictions: assisting a criminal street gang, a Class 3 felony, and second-degree burglary, a non-dangerous Class 3 felony. And the jury implicitly found Hopson committed Count 1 while on probation. On Count 1, the court sentenced Hopson as a category three repetitive offender to a mitigated term of six years' imprisonment plus a two-year enhancement. *See* A.R.S. § 13-703(J).

¶5        Following Hopson's appeal, we directed the superior court to sentence Hopson, "as required by A.R.S. § 13-708(C) to no less than the presumptive term of imprisonment for a category three repetitive offender, plus the two-year enhancement under A.R.S. § 13-708(D)." *Id.* at *3 ¶ 16. And, we explained, A.R.S. § 3-708(E) requires that the term of imprisonment run consecutively to Hopson's sentence for his 2014 probation case. *Id.*

¶6        On remand, the superior court sentenced Hopson on Count 1 to 12 years' imprisonment beginning on September 1, 2022. The court awarded Hopson 809 days of presentence credit. Hopson timely appealed. Because we previously affirmed Hopson's convictions and remanded only for sentencing on Count 1, this appeal concerns only resentencing on Count 1. *See State v. Nordstrom*, 230 Ariz. 110, 116 ¶ 19 (2012) (explaining a trial court cannot reconsider validity of previously affirmed convictions on remand for resentencing).

## DISCUSSION

¶7        We have reviewed the record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Hopson and his counsel were present at all stages of the resentencing proceedings and had the opportunity to speak.

¶8        The presumptive term for a category three repetitive offender for a Class 4 felony is ten years. A.R.S. § 13-703(J). Thus, the 12-year sentence complied with the mandate requiring the presumptive term plus a two-year enhancement. *See Hopson*, 1 CA-CR 20-0444, at *3 ¶ 15; A.R.S. § 13-708(C)–(D). The sentence, as required, also ran consecutively to his sentence for his 2014 probation case. The State maintains that the court miscalculated the amount of Hopson's presentence incarceration credit. Nevertheless, it agrees that we may not correct an illegally lenient sentence when, as here, the State did not cross-appeal the erroneous calculation of presentence credit. *See State v. Garcia*, ___ Ariz. ___, ___ ¶ 28, 541 P.3d 559, 565 (App. 2023) ("We lack jurisdiction to correct an illegally lenient sentence absent appeal or cross-appeal by the State.").

**¶9**        Thus, because the court followed the mandate and any presence credit errors benefited Hopson, we find no reversible, prejudicial error.

**¶10**        We note and correct the following clerical errors. *See* Ariz. R. Crim. P. 24.4. The September 1, 2022 Sentencing Order contains two clerical errors. The order states the offense date for Count 1, possession of a weapon by a prohibited possessor, as August 12, 2018; it should list August 11, 2018 as the offense date. The order lists the offense date for the prior conviction of assisting a criminal street gang in CR2014-104991-003 as December 1, 2013; it should state a date range from December 1, 2013 to January 29, 2014. We, thus, modify the September 1, 2022 Sentencing Order as follows:

> (1) at page one, under Count 001, strike "8/12/2018" and insert "8/11/2018"; and
>
> (2) at page one, following "STREET GANG," strike "on 12/01/2013" and insert "on or between 12/01/2013 and 1/29/2014".

**¶11**        We also note the September 8, 2020 Sentencing Order misstates the date of the offense for the prior conviction of assisting a criminal street gang in CR2014-104991-003. We, thus, modify the September 8, 2020 Sentencing Order as follows:

> at page two, following "STREET GANG," strike "on 12/01/2013" and insert "on or between 12/01/2013 and 1/29/2014".

## CONCLUSION

**¶12**        For the foregoing reasons, we affirm the court's resentencing on Count 1 of Hopson's 2018 conviction and correct the clerical errors consistent with this decision.

**¶13** Upon the filing of this decision, we direct counsel to inform Hopson of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Hopson shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA