NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KENNETH EUGENE WILLIAMS, JR., *Appellant.*

No. 1 CA-CR 24-0022

FILED 03-20-2025

Appeal from the Superior Court in Mohave County
No. S8015CR202201074
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zachary Law Group PLC, Mesa
By Jessica Zachary
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

**¶1** Kenneth Eugene Williams Jr. appeals his conviction and sentence for possession of dangerous drugs. Williams's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Williams was allowed to file a supplemental brief, but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** In 2022, a Bullhead City detective stopped a vehicle because it did not have a functioning license plate light and failed to stop at a stop sign. Williams was driving the vehicle. As the detective spoke with Williams, he saw an open alcohol container in the vehicle. He asked Williams to step out of the vehicle, and another detective arrested Williams. Upon an inventory search of the vehicle, the detective found a bag he believed to contain methamphetamine under a pack of cigarettes, which he seized. Williams told the detective the bag did not belong to him but did not deny that he possessed methamphetamine.

**¶3** The State indicted Williams on two counts: possession of dangerous drugs, a Class 4 felony, and possession of drug paraphernalia, a Class 6 felony. The first trial led to a mistrial because of juror misconduct. At the second trial, the State called several witnesses, including a forensic scientist, who verified the substance found in Williams's vehicle was methamphetamine, and two detectives who testified about the traffic stop, Williams's arrest, and the evidence seized. Williams called a character witness who testified that, in his opinion, Williams did not use drugs. At the close of the State's case-in-chief, Williams moved for a directed verdict on both charges under Arizona Rule of Criminal Procedure 20, which the court denied.

**¶4** The jury returned a guilty verdict for Count 1 but acquitted Williams on Count 2. The court sentenced Williams to 2.25 years' imprisonment and 3 months of consecutive community supervision with 33 days' presentence incarceration credit. Williams appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶5** We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶6** Williams was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Williams all his constitutional and statutory rights and conducted the proceedings following the criminal procedural rules. The court held appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the verdict. Williams's sentence falls within the range prescribed by law. *See* A.R.S. § 13-105(22)(d); A.R.S. § 13-603(I); A.R.S. § 13-703(I); A.R.S. § 13-3407(A)(1). And the superior court gave Williams appropriate presentence incarceration credit.

**¶7** The State filed a motion *in limine* to prevent Williams from admitting character evidence of non-drug use. The superior court granted the State's motion in part, prohibiting the defendant from presenting evidence of specific instances of non-drug use. Generally, specific evidence of prior acts is not admissible to prove a person's character or to show action in conformity with the previous conduct. Ariz. R. Evid. 405(a) (Specific instances of character evidence are only admissible on cross-examination.). But the evidence may be admissible if offered for another purpose, such as motive or lack of motive. *See* Ariz. R. Evid. 105; *cf.* Ariz. R. Evid. 404(b)(2) (Prior bad acts may be admissible to prove motive.). Because specific act evidence is generally inadmissible on direct, the court did not abuse its discretion in precluding evidence of prior acts of non-drug use. *See State v. Pina-Barajas*, 244 Ariz. 106, 108, ¶ 4 (App. 2018) (We review the superior court's evidentiary rulings for an abuse of discretion.). Even assuming error, Williams suffered no prejudice because the court allowed Williams to present reputation and opinion evidence about his non-drug use. *See State v. Romero*, 240 Ariz. 503, 510, ¶ 15 (App. 2016) (An error is harmless if the party could still present the substance of his claim or defense with other evidence.).

## CONCLUSION

**¶8** Williams's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Williams's representation in this appeal will end after informing Williams of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR